William J. Gregg, J.
Defendant, a duly registered pharmacist, and the owner and operator of a duly registered pharmacy in the City of Port Jervis, New York, was charged with having violated the provisions of section 3324 of the Public Health Law relative to the unlawful sale of exempt narcotic preparations, which by the provisions of subdivision 1 of section 1751-a of the Penal Law makes such violation a misdemeanor.
The complaint alleged that on November 18, 1964, at approximately 7:45 p.m., the defendant, at his place of business, did sell to one Roger Giuseppetti, a New York State Trooper, who was then in plain clothes, five bottles of a medicinal preparation known as “ Cosanyl ”, each bottle containing four fluid ounces of *457 liquid preparation which contained in said four fluid ounces one grain of codeine phosphate, a narcotic drug.
Defendant pleaded not guilty and demanded a jury trial which was duly held on the 4th day of March, 1965, in this court. The only prosecution evidence insofar as the alleged purchase or “buy” was concerned, consisted of the testimony of Trooper Giuseppetti.
Upon the close of the defendant’s a case, a motion was made by defense counsel to dismiss the complaint upon the grounds that evidence obtained by the State Trooper Giuseppetti was allegedly obtained in violation of sections of the New York State Constitution and the Federal Constitution, and upon the grounds that there was an “ entrapment ” of the defendant by the witness Giuseppetti; and also moved for the suppression of that evidence.
Section 3324 (subd. 2, par. [c]) of the Public Health Law makes it unlawful for any person not possessing a special tax registration to purchase more than four fluid ounces of any such preparation such as the defendant is accused of selling, at any one time, or for any person to purchase any quantity of such preparation at any time for purposes other than medicinal. Thus this statute is a “ penal ” statute. It is the Avell-established law of the State of New York that “ penal ” statutes must be construed strictly against the prosecution and liberally in favor of the defendant.
The court is of the opinion that Presiding Justice Beldock, in Sackler v. Sackler (16 A D 2d 423, 426) clearly states the premise involved in the instant case when he said “ Where evidence unlawfully seized is admitted in a criminal trial, there is encouragement of the lawless enforcement of the criminal Iuav, with the government condoning violations of law by officers sworn to observe and enforce it.”
Since the Legislature has not seen fit to make any exceptions or exemptions in favor of law-enforcement officers making the purchase of such items lawful if done in the performance of their official duties, the court must hold that the act of the State Trooper in the instant case was unlawful and the evidence he obtained as a result of such unlawful act, illegal, in the same vein as evidence obtained by use of wiretapping, without previous court authority therefor, the motion to suppress such evidence is granted and the motion to dismiss the complaint for failure to prove a prima facie" case against this defendant is likewise granted.